# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| WELLMARK, INC. d/b/a BLUE CROSS BLUE SHIELD OF IOWA, an Iowa Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BCS INSURANCE COMPANY, an Illinois Corporation, <br><br> Defendant. | CIVIL NO. 4-03-CV-90749-RP-TJS <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff and defendant timely responded to the Court's Order to Show Cause, which was filed March 9, 2007 (Clerk's No. 52). See, plaintiff's response to the Order to Show Cause (Clerk's No. 53); and defendant's response filed under seal (Clerk's No. 55).

The Court ordered the parties to show cause why this case should not either be dismissed, or the stay lifted as the result of status reports filed on March 8, 2007 by the parties (Clerk's Nos. 50 and 51).

The genesis for the Court's Order to Show Cause, and for that matter the order for status reports, is the extreme amount of delay that appears to be plaguing this litigation.

Wellmark's Complaint was originally filed December 31, 2003 (Clerk's No. 1), followed by an Amended Complaint (Clerk's No. 2), filed January 28, 2004. Following the filing of the Amended Complaint, Defendant BCS filed its Motion to Dismiss or Stay (Clerk's No. 6), which resulted in the order filed March 5, 2004 (Clerk's No. 10) by Chief Judge Robert W. Pratt, and in which he granted defendant's Motion to Stay, noting, "Because the policies at issue here all identify Chicago as the proper forum for arbitration, Defendant's Motion to Stay is granted until the Illinois district court determines the question of arbitrability."

The United States District Court for the Northern District of Illinois decided that the case pending in this Court, and now stayed, is not subject to arbitration and the United States Court of Appeals for the Seventh Circuit has affirmed that ruling.  See, BCS Ins. Co. v. Wellmark, Co., 410 F.3d 349 (7th Cir. 2005).

The Court of Appeals in agreeing with the district court that the 1997 Errors and Omissions Policy issued by BCS to Wellmark did not have a mandatory arbitration clause, also rejected BCS's argument that there was a "relation back" in the 1997 policy to three other policies issued in 1994 and 1995 and 1996 which did contain mandatory arbitration clauses.  BCS Ins. Co. v. Wellmark, Inc., 410 F.3d at 352.

The Seventh Circuit's opinion answered a question posited by Chief Judge Pratt in his March 5, 2004 ruling regarding the relation back clause.

In the opinion of the undersigned magistrate judge, the arbitration now involving these four policies, and apparently underway in Chicago was going nowhere.  Generally, it is argued that arbitration is more economical, speedier, and more efficient.  The opposite appears to be the case here.

As the parties have noted, there are three arbitrators.  They have held 15 pre-hearing sessions, and have overseen production of approximately 100,000 documents.  During arbitration, nothing has been determined.

In addition, Wellmark's arbitration counsel, located in Chicago, Illinois, may or may not have a conflict of interest which would preclude it from continuing with the arbitration. Notwithstanding that new issue, the conflict arguments have yet to be resolved, and thus the arbitration is "dead in the water."

Wellmark filed a Clarification of BCS's Response to the Court's Order to Show Cause (Clerk's No. 56) in which it noted that Wellmark's arbitration counsel, while filing an appearance in this case, is not Wellmark's litigation counsel for this suit.

Based on the foregoing, the undersigned magistrate judge concludes that the stay in this case to permit arbitration should be lifted. The Seventh Circuit Court of Appeals' ruling has determined that the issues that are germane to the litigation filed in the Southern District of Iowa can move forward in this Court, and are not required to be arbitrated in Illinois with the other three claims.

To continue the stay under the current state of the record only invites further delay and expense. None of that is acceptable to this Court.

The undersigned magistrate judge, therefore, respectfully recommends that the stay in this case be lifted by Chief Judge Pratt, and that this case be placed on the trial docket with a scheduling conference ordered pursuant to Fed. R. Civ. P. 16.

The parties have to and including June 6, 2007, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Such extensions will be freely granted. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140,

155 (1985); <u>Griffini v. Mitchell</u>, 31 F.3d 690, 692 (8th Cir. 1994); <u>Halpin v. Shalala</u>, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); <u>Thompson</u>, 897 F.2d at 357.

                                                    Respectfully submitted,

Dated:    May 17, 2007

                                                    _____
                                                    THOMAS J. SHIELDS
                                                    CHIEF U.S. MAGISTRATE JUDGE